UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **MAURICIO M. ALTMAN,** | ) | **Case No.:** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| **STERLING CATERERS, INC.** | ) | |
| **JONATHAN RAPP** | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

## COMPLAINT  FOR OVERTIME AND MINIMUM WAGES.

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant Corporation  regularly transacts business within Dade County during the relevant time period. Upon information and belief, the Defendant Corporation was the  FLSA employer for the Plaintiff for the relevant time period.  The Individual Defendant  was a Corporate Officer of the Corporate Defendant for the relevant time period and who ran the day to day significant operations of the  Defendant Corporation for the relevant time period and who was responsible for paying the Plaintiff's wages and/or who regularly controlled Plaintiff's work for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## FEDERAL STATUTORY VIOLATION (OVERTIME AND MINIMUM WAGE VIOLATION)

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219

1

(section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". The Federal Minimum Wage for this case was $7.25/hr.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff was a food quality inspector  while he  worked for the Defendants From on or about 12/22/08 to on or about 04/14/11.   Both the Defendant's business and  Plaintiff's work for the Defendants affected interstate commerce for the relevant time period .   Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that he used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job and/or that he regularly inspected to insure that it met kosher quality standards moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. Upon information and belief, the Defendant Corporation grossed over $500,000 annually for the relevant time period.   The Defendant employed 2 or

more employees who regularly affected interstate commerce for the relevant time period. Out of the same business location as the Corporate Defendant, the Defendant "Rapp" managed and operated a company called Gourmet Expressions, Inc. which regularly utilized many of the same employees as the Corporate Defendant and which shared a common business purpose with the Corporate Defendant for the relevant time period and which formed a joint enterprise for the relevant time period. The combined annual gross income and/or business done by Gourmet Expressions, Inc. and the Corporate Defendant was in excess of $500,000 annually for the relevant time period.

10. Plaintiff  worked an average of 58 hours per week for Defendants for the time period stated above at an average hourly rate of $15.00/hr.

11. Plaintiff was paid an amount specified in #10 for the hours that he worked for the Defendants but was not paid overtime wages for approximately 18 hours of overtime work weekly.   Plaintiff claims half his regular hourly wage for all overtime worked.

12. On or about April, 2011, the Defendants completely failed to pay Plaintiff for one full week's work in which Plaintiff worked 66 hours. Therefore, for this week, Plaintiff claims time and a half for 26 hours of work paid at time and a half as well as his minimum wages for the 40 hours worked during that particular work week.

13. Defendants willfully and intentionally refused to pay Plaintiff the overtime and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages  for the time period specified above. The Defendants recklessly failed to investigate whether their non-payment of overtime and minimum wages was in accord with the Federal Wage Laws of the United States for the relevant time period.

3

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants,

jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the

time of trial for all overtime  wages   still owing from Plaintiff's entire employment period with

Defendants or, as much as allowed by the Fair Labor Standards Act--whichever is greater along

with court costs, interest, and any other relief that this Court finds reasonable under the

circumstances. The Plaintiff requests a trial by jury.


**Respectfully submitted,**

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**300 71st STREET #605**
**MIAMI BEACH, FLORIDA 33141**
**305-865-6766**
**F.B.N. 0010121**

**BY:_____/s/ JH ZIDELL_____**

**J.H. ZIDELL**