UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-21829-CIV-GRAHAM/GOODMAN

### CONSENT CASE

| | |
|---|---|
| MAURICIO ALTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| STERLING CATERERS, INC., | ) |
| JONATHAN RAPP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT[1]

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Southern District Local Rule 56.1, and hereby files Plaintiff's statement of undisputed material facts in support of Plaintiff's Motion for Summary Judgment:

1. For the years 2009, 2010 and 2011 Sterling Caterers, Inc. grossed over $500,000 annually. [Rapp Depo P. 3-4].

2. A large majority of the food products worked on by Defendants were manufactured outside the State of Florida. [Rapp Dep. P. 9].

3. Defendants had two or more employees that handle out of state materials and food products on a regular and consistent basis. [Rapp Depo. P. 10].

4. Jonathan Rapp is four percent owner in Sterling Caterers, Inc. [Rapp Depo. P. 4].

5. Jonathan Rapp is the Vice President of Sterling Caterers, Inc. [Rapp Depo. P. 4].

---

[1] All supporting affidavits and depositions transcripts have been filed in support or in opposition to Defendants Motion for Summary Judgment.

6. From 2008 through the present date, Jonathan Rapp is the one that has had the day to day operational control over Sterling Caterers, Inc. [Rapp Depo. P. 6, L. 13-17].

7. Jonathan Rapp is a signatory on Defendant's business operating account [Rapp Depo. P. 6].

8. There is no one else at Sterling Caterers, Inc. that has more operational control over Sterling Caterers, Inc. than Jonathan Rapp. [Rapp Depo. P. 6-7].

9. David Golowinski got Plaintiff a job with Defendant Sterling Caterers. [Golowinski Depo P. 6, L. 12-13].

10. David Golowinski is merely a placement officer who places people with employment at Sterling Caterers. [Golowinski Depo P. 7, L. 7-12].

11. Plaintiff Mauricio Altman was paid by Defendant Sterling Caterers. [Golowinski Depo P. 9, L. 7-19].

12. Circle K does not know the hours of operation of Defendant Sterling Caterers, Inc. nor the amount of overtime that Plaintiff worked there. [Golowinski Depo P. 13 and 14].

13. Defendant Sterling Caterers desired to fire Plaintiff and instead offered him another position at Europa Café. [Golowinski Depo P. 18].

14. The "mashgiachs work for other people in the heat of the kitchen." [Golowinski Depo P. 24, L. 8].

15. The Circle K did not set the hours that Plaintiff was required to work nor did they control his pay. [Golowinski Depo P. 24, L. 24-25 through P. 25, L. 3].

16. Defendants would be the one to tell Plaintiff what time he was required to show up for work each day. [Golowinski Depo P. 25-26].

17. Plaintiff had to meet with Defendants in order to have the workload explained to him. [Golowinski Depo P. 26 -27].

18. Defendants had input into the hiring of Plaintiff. [Golowinski Depo P. 27, L. 5-6].

19. Circle K does not believe it should be the one responsible for the payment of Plaintiff's overtime wages. [Golowinski Depo P. 37, L. 1-7].

20. Plaintiff never signed a contract with Circle K. [Golowinski Depo P. 39, L. 13-15].

21. Plaintiff was paid $15/hr. [Golowinski Depo P. 39, L. 22].

22. Defendants instructed Plaintiff as to the hours that Plaintiff was required to work and not the Circle K. [Golowinski Depo P. 42 and 61].

23. Defendants kept track of the hours that Plaintiff worked in order to pay Plaintiff and were the ones responsible for paying Plaintiff. [Golowinski Depo P. 60].

24. Plaintiff did not have the power to hire or fire employees. [Golowinski Depo P. 19, L. 17].

25. Plaintiff had no decision making abilities. If something went wrong, he was required to call David Golowinski to render a decision on what to do. [Golowinski Depo P. 21, L. 12-15].

26. Plaintiff was not required to purchase any tools for performance of work on the job. The only tools were the blister pack (lock and keys for the refrigerator/freezer) that were purchased by Defendants and given to David Golowinski. [Golowinski Depo. P. 26].

27. Oven mitts used for the koshering process of utensils were provided by Defendants. [Golowinski Depo P. 56, L. 4-11].

28. The basis for calling Plaintiff an independent contractor and not an employee was because there was not withholdings on Plaintiff's paychecks. [Golowinski Depo P. 50, L. 13-23].

29. Being a mashgiach does not require special expertise. For example, David Golowinski determined that Plaintiff did not have the expertise to kosher equipment such as by using a blow torch to kosher an oven [Golowinski Depo P. 55, L. 10-25 and P. 56,m L 1- 3].

Respectfully submitted,

Daniel T. Feld, Esq.
J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Statement of Material Facts in support of Plaintiff's Motion for Summary Judgment was sent via CM/ECF to Alvin Entin, Esq., Entin & Della Fera, P.A., 110 S.E. 6th Street, Suite 1970, Fort Lauderdale, Florida 33301, Fax: (954) 764-2443, email: Entinmarg@aol.com on this 9th day of April 2012.

> Daniel T. Feld, Esq.
> J. H. Zidell, P.A.
> Attorneys for Plaintiff
> 300-71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
>
> By:__/s/ Daniel T. Feld _____
>     Daniel T. Feld, Esq.
>     Florida Bar No.: 0037013