UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-21829-GRAHAM/GOODMAN

MAURICIO M. ALTMAN,

    Plaintiff,

v.

STERLING CATERERS, INC.
and JONATHAN RAPP,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT & INCORPORATED MEMORANDUM OF LAW**

**COME NOW** the Defendants, **STERLING CATERERS, INC.** and **JONATHAN RAPP**, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, and file this, their Reply to Plaintiff's Response to Motion for Summary Judgment and Incorporated Memorandum of Law against Plaintiff, MAURICIO M. ALTMAN, as follows:

**REPLY**

1.    Plaintiff has argued that Defendant Sterling determined the hours that Plaintiff worked and the amount of work that Plaintiff would perform on a daily basis. Notwithstanding that, as quoted in the Motion for Summary Judgment, Rabbi Golowinsky testified that the OK employs the Mashgiach (Transcript of Golowinski at page 36), this is not a circular, "chicken or the egg"

1

argument. A kosher establishment must hire a kosher certification service. In this case, Sterling hired OK. Based on the previously filed testimony, the OK chose Altman, and the OK dictated that anytime Sterling was cooking, Altman had to be on the premises (Transcript of Golowinski at page 42). Thus, it was the OK dictate that determined when Altman had to work, not Sterling. Sterling was simply operating as required to provide services to the Jewish Community Center and its members as well as other area customers who required kosher foods. Indeed, it is clear that the OK had the ultimate control over Altman's presence on the premises, because only Altman and the Rabbi had keys to the refrigeration where the food product was kept. The purpose was to insure that Altman was on premises in accordance with OK's dictates and to insure that Sterling could not operate without Altman on premises.

2.      Plaintiff's second argument, that Altman had no authority and did not supervise two or more employees is simply contrary to all of the testimony and contrary to the basic job description of a Mashgiach.  Altman had more authority than any other employee, as he could substitute himself with other persons at his whim. (Affidavit of Jonathan Rapp). Moreover, if the OK gave him authority upon a certain report of improper activity, the mashgiach could close the facility down, meaning during all hours of operation, he could potentially cease the work of all persons in the facility, including the owner(s).. If the operator is upset at this, he cannot fire the mashgiach, and if he tries to, the OK can and would pull the operator's certification. (Transcript of Golowinski at page 47). The certified facility cannot go out to find someone to replace its mashgiach, because, "the whole basis of the credibility of our organization is the fact that we have the last say regarding the people that are involved in the kashrut area." (Transcript of Golowinski at page 51).

3.     As Plaintiff agreed, the issue of the ministerial exemption is a case of first impression here. Plaintiff argues that, assuming there is a ministerial exemption, said exemption cannot apply to a profit business, as a profit business has only the purpose of earning profit.  If the Court believes it to be necessary to delve into the issue of the purposes of the catering company in addition to the earning of profit (it is not for Plaintiff to say that is the sole mission of the company), the company will provide a response with regard to those factual circumstances. However, it is clear that the caterer operates on the premises of the Jewish Community Center and is an integral part of the center's Jewish mission.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that this Court grant its motion in all respects along with such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via the ECM/ECF system on the 11th day of April, 2012, to J.H. Zidell, Esq., J.H. Zidell, P.A., 300 71st Street, #605, Miami Beach, FL 33141, Email: zabogado@aol.com.

ENTIN & DELLA FERA, P.A.
AUTO NATION TOWER, SUITE 1970
110 S.E. 6th Street
Ft. Lauderdale, Florida
Telephone: (954) 761-7201
Fax: (954) 764-2443
Email: Entinmarg@aol.com

___s/Alvin E. Entin_____
ALVIN E. ENTIN
F.B. 127027